Lorene DEAN, Plaintiff–Appellee,

v.

MUNCH; D. Herrity; W. Yeates; J. Fox; T. Cain; Braise, Lt.; Killeen, Sheriff; and other Ada County Sheriff Personnel; John Does 1–10, individually and in their official capacities as agents of the Ada County Sheriff's Office and Ada County; B. Hassis; M. Thomas; B. Hammer; B. Moore; Nimino, Sgt.; Watters, Sgt.; P. Sonnen, and other Idaho Department of Corrections Personnel; John Does 11–15, individually and in their official capacities as agents of the Idaho State Department of Corrections and the State of Idaho, Defendants–Appellants.

No. 00–35387.

D.C. No. CV–98–00161–MHW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2001.

Decided Feb. 14, 2001.

Before RYMER, THOMAS, and MCKEOWN, Circuit Judges.

## MEMORANDUM *

Corrections Officer Benjamin Hassis appeals the district court's denial of his motion for summary judgment based on qualified immunity. The Idaho State Department of Corrections appeals the district court's denial of its motion for summary judgment based on immunity under the Idaho Tort Claims Act. We reverse the grant of summary judgment as to Hassis and dismiss the appeal of the Department of Corrections for lack of appellate jurisdiction. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## I

After careful consideration of the record, we conclude that we have appellate jurisdiction over the district court's denial of Hassis's motion for summary judgment, and that he is entitled to qualified immunity.

Although the denial of a summary judgment motion is not ordinarily appealable, a "district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291." *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). "We review *de novo* a district court's decision on qualified immunity in a section 1983 action." *Newell v. Sauser,* 79 F.3d 115, 117 (9th Cir.1996).

Public officers acting in their official capacities are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). "[R]egardless of whether the constitutional violation occurred, the officer should prevail if the right asserted by the plaintiff was not clearly established' or the officer could have reasonably believed that his particular conduct was lawful." *Romero v. Kitsap County,* 931 F.2d 624, 627 (9th Cir.1991). To be considered "clearly established" for the purposes of qualified immunity analysis, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

In deciding whether Hassis is entitled to qualified immunity, we must view the evidence in the light most favorable to the plaintiff. *Mena v. City of Simi Valley,* 226 F.3d 1031, 1036 (9th Cir.2000). The parties agree that Hassis's actions in initially approaching Dean in the parking lot and questioning her were lawful. Thus, the only relevant question is Hassis's response to Dean's statement that "I suppose you think I have a bomb in my car." Applying qualified immunity analysis, we conclude that corrections officer Hassis could have reasonably believed that it was lawful to report to others a statement about a bomb being in a vehicle in the parking lot of a maximum security facility, even if the statement were made sarcastically or jokingly. Therefore, although the subsequent reaction to his report was unfortunate, Hassis is entitled to qualified immunity.

## II

We lack appellate jurisdiction over the appeal by the Department of Corrections and, therefore, must dismiss it. A claim of immunity under the Idaho Tort Claims Act is not an immunity from suit, as qualified and absolute immunity are. As such, a denial of a claim of immunity under the Idaho Tort Claims Act is not an appealable decision within the meaning of 28 U.S.C. § 1291. *Cf. Mitchell,* 472 U.S. at 527, 105 S.Ct. 2806 (discussing qualified immunity). Further, the Department did not seek, and the district court has not issued, an order under 28 U.S.C. § 1292(b) that would permit us to exercise our discretion to permit an interlocutory appeal.

REVERSED IN PART; DISMISSED IN PART.